UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.  23cr10127 |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| 1.  RAFAEL DAVILA, | ) | <u>Count One</u>: Conspiracy to Transport Stolen Goods |
| a/k/a "Robbin Hood," | ) | Valued Over $5,000 in Interstate or Foreign |
| | ) | Commerce |
| 2.  JOSE TORRES, | ) | (18 U.S.C. § 371) |
| a/k/a "Goldy," a/k/a "Goldy Tech," | ) | |
| | ) | <u>Counts Two, Three, Four, Five, Six, Eight & Nine</u>: |
| 3.  CARLOS FONSECA, | ) | Interstate Transportation of Stolen Goods Valued |
| a/k/a "Charlito," | ) | Over $5,000; Aiding and Abetting (18 U.S.C. §§ |
| | ) | 2314 and 2) |
| 4.  NICOLAS DAVILA, | ) | |
| | ) | <u>Count Seven</u>: Money Laundering Conspiracy |
| 5.  ZACHARY MARSHALL, and | ) | (18 U.S.C. § 1956(h)) |
| | ) | |
| 6.  SANTO FELIBERTY, | ) | <u>Count Ten</u>: Conspiracy to Commit Bank Theft |
| | ) | (18 U.S.C. § 371) |
| Defendants. | ) | |
| | ) | <u>Count Eleven</u>: Bank Theft; Aiding and Abetting |
| | ) | (18 U.S.C. §§ 2113(b) and 2) |
| | ) | |
| | ) | <u>Count Twelve</u>: Possession of Cocaine with Intent |
| | ) | to Distribute (21 U.S.C. § 841(a)(1)) |
| | ) | |
| | ) | <u>Count Thirteen</u>: Felon in Possession of a Firearm |
| | ) | and Ammunition (18 U.S.C. § 922(g)(1)) |
| | ) | |
| | ) | <u>Forfeiture Allegation</u>: |
| | ) | (18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461(c)) |
| | ) | |
| | ) | <u>Money Laundering Forfeiture Allegation</u>: |
| | ) | (18 U.S.C. § 982(a)(1)) |
| | ) | |
| | ) | <u>Bank Theft Forfeiture Allegation</u>: |
| | ) | (18 U.S.C. § 981(a)(1)(C)) |
| | ) | |
| | ) | <u>Drug Forfeiture Allegation</u> |
| | ) | (21 U.S.C. § 853) |
| | ) | |
| | ) | |

1

)   <u>Firearm Forfeiture Allegation</u>
)   (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)

<u>INDICTMENT</u>

At all times relevant to the Indictment:

<u>General Allegations</u>

1.      RAFAEL DAVILA, JOSE TORRES, CARLOS FONSECA, NICOLAS DAVILA, ZACHARY MARSHALL, and SANTO FELIBERTY were residents of Massachusetts.

2.      DAVILA operated and controlled a Maroon Acura MDX (the ACURA MDX).

3.      The deposits of Enterprise Bank, Lowell 5 Bank, and Chase Bank were then insured by the Federal Deposit Insurance Corporation.

4.      A catalytic converter is a component of an automotive vehicle's exhaust device that reduces the toxic gas and pollutants from a vehicle's internal combustion engine into safe emissions by catalyzing a redox reaction process. Catalytic converters use precious metals in their center or "core" and are regularly targeted for theft due to the high value of these metals. Catalytic converters are required components on all combustion engine automobiles in the United States as regulated by the Environmental Protection Agency ("EPA"). Every individual state in the United States dictates emission standards for their catalytic converters, which makes the concentration of precious metals in catalytic converters vary from state-to-state. Thus, if an individual state requires higher emission standards, such as California, the catalytic converters on vehicles registered in that state will contain a higher concentration of precious metals.

5.      Thieves steal catalytic converters from vehicles for the precious metals the cores contain, including palladium, platinum, and rhodium. Some of these precious metals are more valuable per ounce than gold and their value has been increasing in recent years. The black-market price for certain catalytic converters can be above $1,000 each. Catalytic converters are often

2

stolen from the underside of vehicles by using handheld power tools (including reciprocating saws, sawzalls, pneumatic or hydraulic pipe-cutters, or oxy-acetylene gas cutting torches) and automotive tools (floor jacks and jack stands), and their theft can be completed within a few minutes or less. Additionally, catalytic converters often lack unique serial numbers, vehicle identification number (VIN) information, or other distinctive identification features, making them difficult to trace to their lawful owner. Thus, the theft of catalytic converters has become increasingly popular because of their value, relative ease to steal, and their lack of identifying markings

6.      Catalytic converter thieves are often well informed about which vehicle makes and models contain the most precious metals in their catalytic converters. Thieves typically obtain pricing information from an online pricing application. Catalytic converter thieves (sometimes referred to as "cutters") often conduct searches in residential neighborhoods, parking lots, and other locations to steal the most high-value catalytic converters. Catalytic converter theft has become a nationwide problem across a multitude of state, local, and federal jurisdictions. The theft of a vehicle's catalytic converter results in damage that renders the vehicle inoperable until properly replaced. Not only are the vehicles often mechanically unable to be driven, but they are also not legally operable under the EPA regulations until repaired. Additionally, certain vehicles may have multiple catalytic converters that can be taken from a single vehicle. Costs to replace a stolen catalytic converter include parts, labor and removal of the remaining aspects of the exhaust system.   Consequently, the total cost to replace a stolen catalytic converter can exceed $10,000 depending on the make and model of vehicle. Furthermore, delays in acquiring replacement parts can, depending on availability of replacement parts, cause a vehicle to be incapable of being driven for multiple weeks.

7.     The process to remove the precious metals from the catalytic converters is complex and may release toxic gases. Therefore, catalytic converters are typically sold intact to an extraction company. The extraction company will remove the core from the catalytic converter using a "de-canning" process that crushes the honeycomb structure (or "brick") inside the core, resulting in precious metal powders. The process of de-canning will crush the core or brick inside the catalytic converters; new bricks are not available for sale to the general public. The precious metal powders are then sold to a metal refinery for further processing.

### The Interstate Transportation of Stolen Goods Conspiracy

<u>Object and Purpose of the Conspiracy</u>

8.     The object of the conspiracy was to willfully transport, transmit, and transfer goods, wares, merchandise, in interstate commerce, money, the value of which was $5,000 or more, knowing the same to have been stolen. The principal purpose of the conspiracy was to earn money by stealing catalytic converters from vehicles, to stockpile and store them in order to conceal their thefts, and to conceal criminal activity from law enforcement.

<u>Manner and Means of the Conspiracy</u>

9.     Among the manner and means by which RAFAEL DAVILA, JOSE TORRES, CARLOS FONSECA, NICOLAS DAVILA, ZACHARY MARSHALL, and SANTO FELIBERTY, and others known and unknown to the Grand Jury, carried out the conspiracy were the following:

    a.  Purchasing and gathering the instruments and tools necessary for the thefts, including jacks, sawzalls, blades, dark clothing, gloves, and gasoline,;

    b.  Coordinating and planning their activity over cell phones ensuring that they were free from obligations during the evenings of the thefts into the next mornings;

c.  Undertaking efforts to research and identify locations where vehicles would be parked overnight that could be targeted for theft, the makes and models of vehicles whose catalytic converters would command high scrap values, and whether those vehicles would be accessible;

d.  Querying prices of catalytic converters for certain vehicle makes and models, including by speaking to JOSE TORRES, and other buyers of catalytic converters, and by the use of a cell phone application that listed a scrap price for a certain catalytic converter, which application would list the scrap price by vehicle make and model, and also by the code on the catalytic converter;

e.  Assessing and targeting the most valuable catalytic converters and foregoing thefts from vehicles whose catalytic converters were not worth as much;

f.  Employing vehicles, including primarily the ACURA MDX, to travel to the vehicles that they intended to steal from and attaching different license plates to the ACURA MDX in order to anonymize the vehicle if observed by law enforcement;

g.  Employing battery-operated power tools and, if necessary, a vehicle jack to access and cut out the catalytic converters from the vehicles;

h.  Selling the stolen catalytic converters to individuals and entities in the business of buying catalytic converters ("core buyers") located outside of the District of Massachusetts;

i.  Transporting the stolen catalytic converters, including from the locations they were stolen to Massachusetts and from Massachusetts to the core buyers in other states, such as Connecticut, Rhode Island, New Jersey and Florida,;

j. Maintaining, principally by RAFAEL DAVILLA, detailed notes of the conspiracy, including dates, locations and success of many nights during which they engaged in thefts;lists of catalytic converters dropped off for sale; the expected amounts to be paid; and the anticipated split of proceeds between the conspirators.

k. Serving as an intermediary, principally by JOSE TORRES, for the sale and transportation of hundreds, if not thousands, of catalytic converters stolen during the course of the conspiracy;

l. Communicating, principally by JOSE TORRES, with core buyers to ascertain a price per catalytic converter and coordinating deliveries of bulk quantities of catalytic converters to the core buyers, located in New Jersey, Rhode Island and Connecticut;

m. Arranging payment, principally by TORRES, from the core buyers for the stolen catalytic converters;

n. Delivering, principally by TORRES, the stolen catalytic converters to the core buyers himself or send a driver to deliver them on his behalf, on a weekly basis or greater;

o. Accepting payment, principally by TORRES, from the catalytic converters upon delivery, in the form of the cash, wire, or electronic fund transfer (such as CashApp, or Zelle); and

p. Distributing the proceeds of sales of stolen catalytic converters among RAFAEL DAVILA, TORRES and other members of the conspiracy.

<u>Overt Acts in Furtherance of the Conspiracy</u>

10.     From in or about January 2022, through on or about April 12, 2023, RAFAEL DAVILA, JOSE TORRES, CARLOS FONSECA, NICOLAS DAVILA, ZACHARY MARSHALL, and SANTO FELIBERTY and coconspirators known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.  Engaging in thefts of catalytic converters on the nights and location as set forth below, each instance of which is a separate overt act.   During each theft, at least two conspirators participated, one of whom was RAFAEL DAVILA. During each theft, the conspirators would utilize a battery-operated reciprocating saw to cut the catalytic converter from the vehicle.

| Date | Location | Identified Number of Vehicles Stolen From | Identified Participants |
|---|---|---|---|
| 3/7/2022 | Sturbridge, MA | 6 | RAFAEL DAVILA |
| 3/8/2022 | Milford, MA | 8 | RAFAEL DAVILA |
| 3/10/2022 | Norwell, MA | 5 | RAFAEL DAVILA |
| 3/25/2022 | Wilmington, MA | 6 | RAFAEL DAVILA |
| 3/27/2022 | Millbury, MA | 22 | RAFAEL DAVILA |
| 5/5/2022 | Leominster, MA | 10 | RAFAEL DAVILA |
| 5/10/2022 | Holliston, MA | 10 | RAFAEL DAVILA |
| 5/12/2022 | Norwood, MA | 11 | RAFAEL DAVILA |
| 5/12/2022 | Walpole, MA | 3 | RAFAEL DAVILA |
| 5/12/2022 | Sharon, MA | 7 | RAFAEL DAVILA |
| 5/17/2022 | Randolph, MA | 12 | RAFAEL DAVILA |
| 5/19/2022 | Watertown, MA | 1 | RAFAEL DAVILA |
| 5/19/2022 | Medford, MA | 14 | RAFAEL DAVILA |
| 5/19/2022 | Malden, MA | 6 | RAFAEL DAVILA |
| 7/21/2022 | Lynn, MA | 3 | RAFAEL DAVILA |
| 7/21/2022 | Wilmington, MA | 12 | RAFAEL DAVILA |
| 7/26/2022 | Easton, MA | 6 | RAFAEL DAVILA |
| 7/28/2022 | Norwood, MA | 2 | RAFAEL DAVILA |
| 7/28/2022 | Woburn, MA | 3 | RAFAEL DAVILA |
| 8/4/2022 | Beverly, MA | 2 | RAFAEL DAVILA |
| 8/16/2022 | Woburn, MA | 26 | RAFAEL DAVILA |
| 8/18/2022 | Carver, MA | 2 | RAFAEL DAVILA |
| 8/18/2022 | Plymouth, MA | 6 | RAFAEL DAVILA |
| 8/23/2022 | Canton, MA | 3 | RAFAEL DAVILA, |

| | | | |
|---|---|---|---|
| | | | CARLOS FONSECA |
| 8/25/2022 | Middleton, MA | 1 | RAFAEL DAVILA, CARLOS FONSECA |
| 8/30/2022 | Peabody, MA | 3 | RAFAEL DAVILA, CARLOS FONSECA |
| 8/30/2022 | Waltham, MA | 10 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/1/2022 | Hingham, MA | 3 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/1/2022 | Norwell, MA | 1 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/6/2022 | West Bridgewater, MA | 2 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/6/2022 | Easton, MA | 1 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/8/2022 | Lawrence, MA | 1 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/8/2022 | Haverhill, MA | 1 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/8/2022 | Chelmsford, MA | 1 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/13/2022 | Hanover, MA | 1 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/13/2022 | Hingham, MA | 2 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/13/2022 | Pembroke, MA | 12 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/15/2022 | Bellingham, MA | 2 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/15/2022 | Franklin, MA | 5 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/15/2022 | Hudson, MA | 6 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/20/2022 | Sudbury, MA | 1 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/21/2022 | Wilmington, MA | 5 | RAFAEL DAVILA, CARLOS FONSECA |
| 9/22/2022 | Woburn, MA | 5 | RAFAEL DAVILA, CARLOS FONSECA |
| 10/2/2022 | Ipswich, MA | 10 | RAFAEL DAVILA, CARLOS FONSECA |
| 10/2/2022 | Methuen, MA | 8 | RAFAEL DAVILA, CARLOS FONSECA |
| 10/2/2022 | Billerica, MA | 10 | RAFAEL DAVILA, CARLOS FONSECA |
| 10/4/2022 | Londonderry, NH | 13 | RAFAEL DAVILA, |

| | | | CARLOS FONSECA |
|---|---|---|---|
| 11/24/2022 | Hooksett, NH | 14 | RAFAEL DAVILA, NICOLAS DAVILA |
| 11/27/2022 | Wilmington, MA | 10 | RAFAEL DAVILA, NICOLAS DAVILA |
| 11/27/2022 | Millbury, MA | 3 | RAFAEL DAVILA, NICOLAS DAVILA |
| 12/6/2022 | Bow, NH | 1 | RAFAEL DAVILA, NICOLAS DAVILA |
| 12/6/2022 | Concord, NH | 14 | RAFAEL DAVILA, NICOLAS DAVILA |
| 12/21/2022 | Manchester, NH | 1 | RAFAEL DAVILA, SANTO FELIBERTY |
| 12/29/2022 | Easthampton, MA | 2 | RAFAEL DAVILA |
| 12/29/2022 | Holyoke, MA | 1 | RAFAEL DAVILA |
| 1/5/2023 | Framingham, MA | 9 | RAFAEL DAVILA, SANTO FELIBERTY |
| 1/9/2023 | Worcester, MA | 13 | RAFAEL DAVILA, SANTO FELIBERTY |
| 1/19/2023 | Fitchburg, MA | 8 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 1/19/2023 | Leominster, MA | 1 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 1/26/2023 | Abington, MA | 10 | RAFAEL DAVILA, SANTO FELIBERTY |
| 1/26/2023 | Weymouth, MA | 2 | RAFAEL DAVILA, SANTO FELIBERTY |
| 1/31/2023 | Shrewsbury, MA | 16 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 2/9/2023 | Wilmington, MA | 1 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 2/9/2023 | Woburn, MA | 13 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 2/16/2023 | Marlborough, MA | 1 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 2/16/2023 | Northborough, MA | 4 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 2/28/2023 | Auburn, MA | 2 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 2/28/2023 | Millbury, MA | 7 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 3/7/2023 | Wilmington, MA | 3 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 3/7/2023 | Woburn, MA | 2 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 3/7/2023 | Hudson, MA | 1 | RAFAEL DAVILA, |

| | | | ZACHARY MARSHALL |
|---|---|---|---|
| 3/7/2023 | Burlington, MA | 4 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 3/9/2023 | Auburn, MA | 3 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 3/9/2023 | Bedford, MA | 2 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 3/9/2023 | Billerica, MA | 4 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 3/16/2023 | Sterling, MA | 20 | RAFAEL DAVILA |
| 3/21/2023 | Leominster, MA | 13 | RAFAEL DAVILA |
| 4/4/2023 | Watertown, MA | 2 | RAFAEL DAVILA, SANTO FELIBERTY |
| 4/4/2023 | Waltham, MA | 5 | RAFAEL DAVILA, SANTO FELIBERTY |
| 4/6/2023 | Northbridge, MA | 1 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 4/6/2023 | Worcester, MA | 1 | RAFAEL DAVILA, ZACHARY MARSHALL |
| 4/11/2023 | Newton, MA | 6 | RAFAEL DAVILA, SANTO FELIBERTY |
| 4/11/2023 | Waltham, MA | 1 | RAFAEL DAVILA, SANTO FELIBERTY |
| 4/11/2023 | Needham, MA | 1 | RAFAEL DAVILA, SANTO FELIBERTY |
| | | | |
| | **Total** | **492** | |

b.  JOSE TORRES transported stolen catalytic converters or caused stolen catalytic converters to be transported from the District of Massachusetts to a core buyer located in Connecticut on the dates as set forth below, each instance of which is a separate overt act.   For each of these transportations, JOSE TORRES completed an invoice falsely claiming that the stolen catalytic converters are not stolen, and that TORRES was the lawful owner of the catalytic converters being sold and had the right to sell the material:

| Date |
|---|
| 1/28/2022 |
| 1/31/2022 |
| 2/1/2022 |

| |
|---|
| 2/3/2022 |
| 2/3/2022 |
| 2/5/2022 |
| 2/6/2022 |
| 2/7/2022 |
| 2/10/2022 |
| 2/15/2022 |
| 2/19/2022 |
| 2/21/2022 |
| 2/21/2022 |
| 2/27/2022 |
| 3/2/2022 |
| 3/4/2022 |
| 3/7/2022 |
| 3/9/2022 |
| 3/10/2022 |
| 3/14/2022 |
| 3/15/2022 |
| 3/16/2022 |
| 3/25/2022 |
| 3/27/2022 |
| 3/28/2022 |
| 4/1/2022 |
| 4/5/2022 |
| 4/15/2022 |
| 5/2/2022 |
| 5/20/2022 |

    c.   JOSE TORRES transported stolen catalytic converters or caused stolen catalytic converters to be transported from the District of Massachusetts to a core buyer located in New Jersey on the dates as set forth below, each instance of which is a separate overt act.

| Date |
|---|
| 4/19/2022 |
| 4/26/2022 |
| 5/12/2022 |
| 5/18/2022 |
| 6/6/2022 |
| 6/9/2022 |
| 6/11/2022 |
| 6/19/2022 |

| |
|---|
| 6/29/2022 |
| 7/1/2022 |
| 7/7/2022 |
| 7/14/2022 |
| 7/20/2022 |
| 7/25/2022 |
| 7/28/2022 |
| 8/10/2022 |
| 8/12/2022 |
| 8/23/2022 |
| 8/26/2022 |

## The Bank Theft Conspiracy

### Object of the Conspiracy

11.     The object of the conspiracy was to take and carry away with intent to steal and purloin money, belonging to and in the care, custody, control, management and possession of the banks, whose deposits were then insured by the Federal Deposit Insurance Corporation.   The principal purpose of the conspiracy was to make money by stealing the cash from ATMs and avoid apprehension by law enforcement.

### Manner and Means of the Conspiracy

12.     Among the manner and means by which, RAFAEL DAVILA, SANTO FELIBERTY, and others carried out the conspiracy were the following:

a.  Traveling to the location of an ATM and observing its setting and physical circumstances, in order to gather information as to whether their modus operandi would be feasible at a particular location, and the potential means of escape in the event of law enforcement response;

b.  Stealing trucks to utilize in ATM thefts;

c.  Utilizing trucks and chains to damage the exterior housing of ATMs and gain access to the vault in which the U.S. Currency was stored, by backing a truck up to the

ATM and attaching chains to portions of the housing and then drive away from the ATM at a high speed, thereby damaging the housing of the ATM and exposing the vault within the ATM that contained the U.S. Currency;

d.  Utilizing a "bait car" intended to distract law enforcement; and

e.  Anonymizing the bait car by the use of stolen license plates.

Overt Acts in Furtherance of the Conspiracy

13.  From in or about November 22, 2022, through in or about December 16, 2022, RAFAEL DAVILA, SANTO FELIBERTY and coconspirators known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.  On or about November 22, 2022, the conspirators stole a New Jersey license plate N56NB from a vehicle parked in the parking lot of a Marriott Hotel in Andover, Massachusetts.

b.  On or about December 8, 2022, the conspirators travelled to South Windsor, Connecticut and stole a 2003 Ford F-350 truck bearing vehicle identification number (VIN) 1FTSW31P13EB68533 from a business known as Jay's Landscaping.

c.  On or about December 8, 2022, the conspirators travelled to Tyngsborough, Massachusetts with the stolen truck.

d.  On or about December 8, 2022, the conspirators stole $21,809 stole from an Enterprise Brank ATM located in Tyngsborough, Massachusetts.

e.   On or about December 8, 2022, the conspirators fled the scene in the stolen truck, across state lines into New Hampshire and at speeds approximately 100 miles per hour.

f.   On or about December 8, 2022, the conspirators breached the ATM cassette, took possession of the cash, and left debris from the Enterprise Bank ATM in Hudson, New Hampshire.

g.   On or about December 8, 2022, the conspirators abandoned the stolen truck in Windham, New Hampshire.

h.   On or about December 13, 2022, the conspirators travelled to Chelmsford, Massachusetts in order to scout a Lowell 5 Bank ATM for an anticipated theft.

i.   On or about December 15, 2022, the conspirators stole a Ford F-250 truck bearing VIN 1FTNX21L13EA54954.

j.   On or about December 15, 2022, a conspirator approached the camera at a Chase Bank ATM and spray painted it black to obscure any surveillance footage.

k.   On or about December 15, 2022, the conspirators attempted to steal U.S. Currency from a Chase Bank ATM located in Concord, Massachusetts utilizing the stolen Ford F-250 truck, by backing the stolen truck up to the ATM, attaching chains, and driving the stolen truck away from the ATM with the chains attached, causing the ATM, which was valued at approximately $65,000, to be dislodged from the ground.

l.   On or about December 15, 2022, a conspirator fled the police in a black Dodge Challenger at a high rate of speed.

COUNT ONE
Conspiracy to Transport Stolen Goods Valued Over $5,000 in Interstate Commerce
(18 U.S.C. § 371)

The Grand Jury charges:

14.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 of this Indictment.

15.     From a date unknown to the Grand Jury, but at least January 1, 2022, and continuing through April 12, 2023, in Newton, Framingham, Springfield, and elsewhere, in the District of Massachusetts, and in the Districts of New Hampshire, Connecticut, New Jersey, and elsewhere, the defendants,

1.  RAFAEL DAVILA,
    a/k/a "Robbin Hood"

2.  JOSE TORRES,
    a/k/a "Goldy," a/k/a "Goldy Tech,"

3.  CARLOS FONSECA,
    a/k/a "Charlito,"

4.  NICOLAS DAVILA,

5.  ZACHARY MARSHALL, and

6.  SANTO FELIBERTY,

conspired with each other, and others known and unknown to the Grand Jury to commit an offense against the United States, to wit, Interstate Transportation of Stolen Property Valued Over $5,000, that is, to willfully transport, transmit, and transfer goods, wares, merchandise, in interstate commerce, money, the value of which was $5,000 or more, knowing the same to have been stolen, in violation of 18 U.S.C. § 2314.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWO</u>
Interstate Transportation of Stolen Goods; Aiding and Abetting
(18 U.S.C. §§ 2314 and 2)

The Grand Jury further charges:

16.     The Grand Jury re-alleges and incorporates by reference Paragraphs 1-10 of this Indictment.

17.     On or about October 4, 2022, at Springfield, Holyoke, and Feeding Hills, and elsewhere, in the District of Massachusetts, and Londonderry and elsewhere in the District of New Hampshire, and elsewhere, the defendants,

1.   RAFAEL DAVILA,
        a/k/a "Robbin Hood" and

3.   CARLOS FONSECA,
        a/k/a "Charlito,"

did transport, transmit, and transfer in interstate commerce goods, wares, and merchandise, of the value of $5,000 or more, to wit, catalytic converters, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

<u>COUNT THREE</u>
Interstate Transportation of Stolen Goods; Aiding and Abetting
(18 U.S.C. §§ 2314 and 2)

The Grand Jury further charges:

18.     The Grand Jury re-alleges and incorporates by reference Paragraphs 1-10 of this Indictment.

19.     On or about November 24, 2022, at Springfield and Feeding Hills, and elsewhere in the District of Massachusetts, and Hooksett and elsewhere in the District of New Hampshire, and elsewhere, the defendants,

1.   RAFAEL DAVILA,
a/k/a "Robbin Hood," and

3.   NICOLAS DAVILA,

did transport, transmit, and transfer in interstate commerce goods, wares, and merchandise, of the value of $5,000 or more, to wit, catalytic converters, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

<u>COUNT FOUR</u>
Interstate Transportation of Stolen Goods; Aiding and Abetting
(18 U.S.C. §§ 2314 and 2)

The Grand Jury further charges:

20.     The Grand Jury re-alleges and incorporates by reference Paragraphs 1-10 of this

Indictment.

21.     On or about December 6, 2022, at Springfield and elsewhere in the District of

Massachusetts, and Concord, Bow and elsewhere in the District of New Hampshire, and elsewhere,

the defendants,

1.   RAFAEL DAVILA,
         a/k/a "Robbin Hood," and

3.   NICOLAS DAVILA,

did transport, transmit, and transfer in interstate commerce goods, wares, and merchandise, of the

value of $5,000 or more, to wit, catalytic converters, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

<u>COUNT FIVE</u>
Interstate Transportation of Stolen Goods; Aiding and Abetting
(18 U.S.C. §§ 2314 and 2)

The Grand Jury further charges:

22.     The Grand Jury re-alleges and incorporates by reference Paragraphs 1-10 of this Indictment.

23.     On or about February 20, 2023, at Springfield and elsewhere in the District of Massachusetts, and elsewhere in the District of Virginia, and elsewhere, the defendants,

1.   RAFAEL DAVILA,
        a/k/a "Robbin Hood," and

5.   ZACHARY MARSHALL,

did transport, transmit, and transfer in interstate commerce goods, wares, and merchandise, of thevalue of $5,000 or more, to wit, catalytic converters, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

COUNT SIX
Interstate Transportation of Stolen Goods; Aiding and Abetting
(18 U.S.C. §§ 2314 and 2)

The Grand Jury further charges:

24.     The Grand Jury re-alleges and incorporates by reference Paragraphs 1-10 of this Indictment.

25.     On or about March 16, 2022, at Springfield and elsewhere in the District of Massachusetts, the District of Connecticut, and elsewhere, the defendant,

2.   JOSE TORRES,
a/k/a "Goldy," a/k/a "Goldy Tech,"

did transport, transmit, and transfer in interstate commerce goods, wares, and merchandise, of the value of $5,000 or more, to wit, catalytic converters, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

COUNT SEVEN
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

26.     The Grand Jury re-alleges and incorporates by reference Paragraphs 1-10 of this Indictment.

27.     From a date unknown to the Grand Jury, but at least on or about January 1, 2022, and continuing until April 12, 2023, in the District of Massachusetts, the District of New Hampshire, the District of Connecticut, the District of Rhode Island, the Eastern District of New York, the Southern District of New York, and elsewhere, the defendants,

1.   RAFAEL DAVILA,
     a/k/a "Robbin Hood," and

2.   JOSE TORRES,
     a/k/a "Goldy," a/k/a "Goldy Tech,"

conspired with each other and with persons known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, interstate transportation of stolen property, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, where such property was derived from

specified unlawful activity, that is, interstate transportation of stolen property, in violation of Title 18, United States Code, Section 1957(a).

All in violation of Title 18, United States Code, Section 1956(h).

COUNT EIGHT
Interstate Transportation of Stolen Goods; Aiding and Abetting
(18 U.S.C. §§ 2314 and 2)

The Grand Jury further charges:

28.     On or about December 14, 2022, at Springfield, Feeding Hills, Chicopee, Acton, and elsewhere in the District of Massachusetts, and Hooksett, and elsewhere in the District of New Hampshire, and elsewhere, the defendants,

1.   RAFAEL DAVILA,
a/k/a "Robbin Hood," and

6.   SANTO FELIBERTY,

did transport, transmit, and transfer in interstate commerce goods, wares, and merchandise, of the value of $5,000 or more, to wit, Arising Industries Trailer bearing vehicle identification number 5YCBE1826KH004057, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

<u>COUNT NINE</u>
Interstate Transportation of Stolen Goods; Aiding and Abetting
(18 U.S.C. §§ 2314 and 2)

The Grand Jury further charges:

29.     On or about January 12, 2023, at Springfield, Feeding Hills, and elsewhere in the District of Massachusetts, and Derry, Salem, and elsewhere in the District of New Hampshire, and elsewhere, the defendants,

1.  RAFAEL DAVILA,
    a/k/a "Robbin Hood," and

6.  SANTO FELIBERTY,

did transport, transmit, and transfer in interstate commerce goods, wares, and merchandise, of the value of $5,000 or more, to wit, jewelry, bracelets, silver, and other items stolen from Princess Jewelers in Derry, NH, and Nazarian Jewelers in Salem, NH, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

<u>COUNT TEN</u>
Conspiracy to Commit Bank Theft
(18 U.S.C. § 371)

The Grand Jury further charges:

30.     The Grand Jury re-alleges and incorporates by reference paragraphs 11-13 of this Indictment.

31.     From on or about December 7, 2022 through on or about December 16, 2022, in Concord, Tyngsborough, and Chelmsford, in the District of Massachusetts, and elsewhere, the defendants,

1.   RAFAEL DAVILA,
     a/k/a "Robbin Hood," and

6.   SANTO FELIBERTY,

conspired with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, to wit, Bank Theft, that is, to take and carry away with intent to steal and purloin money, belonging to and in the care, custody, control, management and possession of the banks, whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(b).

All in violation of Title 18, United States Code, Section 371.

COUNT ELEVEN
Bank Theft; Aiding and Abetting
(18 U.S.C. §§ 2113(b) and 2)

The Grand Jury further charges:

32.     The Grand Jury re-alleges and incorporates by reference paragraphs 11-13 of this

Indictment.

33.     On or about December 8, 2022, at Tyngsborough and elsewhere in the District of

Massachusetts, the defendants,

1.   RAFAEL DAVILA,
         a/k/a "Robbin Hood" and

6.   SANTO FELIBERTY,

did take and carry away with intent to steal and purloin approximately $21,809 of money,

belonging to and in the care, custody, control, management and possession of the Enterprise Bank,

a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

All in violation of Title 18, United States Code, Sections 2113(b) and 2.

## COUNT TWELVE
Possession of Cocaine with Intent to Distribute
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

34.     On or about April 12, 2023, in Chelsea, in the District of Massachusetts, the defendant,

3.   NICOLAS DAVILA,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

27

COUNT THIRTEEN
Felon in Possession of a Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

35.     On or about April 12, 2023, in Springfield, in the District of Massachusetts, the

defendant,

6.   SANTO FELIBERTY,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and

ammunition, that is, a Springfield, XD-9, 9mm firearm, bearing serial number BY298910, 256

rounds of 9mm ammunition, 104 rounds of .45 caliber ammunition, 500 rounds of .22 caliber

ammunition, 20 rounds of .44 caliber ammunition, and 51 rounds of .38 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

FORFEITURE ALLEGATIONS
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses alleged in Counts One, Two, Three, Four, Five, Six, Eight and Nine, in violation of Title 18, United States Code, Sections 371 and 2314, the defendants,

        1.   RAFAEL DAVILA,
             a/k/a "Robbin Hood"

        2.   JOSE TORRES,
             a/k/a "Goldy," a/k/a "Goldy Tech,"

        3.   CARLOS FONSECA,
             a/k/a "Charlito,"

        4.   NICOLAS DAVILA,

        5.   ZACHARY MARSHALL,

        6.   SANTO FELIBERTY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses.   The property to be forfeited includes, but is not limited to, the following assets:

      a.   one black Dodge Challenger, unknown year and unknown vehicle identification number, used by RAFAEL DAVILA;

      b.   one 2015 Chevrolet Suburban, bearing vehicle identification number 1GNSKJKC2FR674310, registered to RAFAEL DAVILA;

      c.   one 2012 Can-Am Spyder Roadster, bearing vehicle identification number 2BXJBDC17CV000847, registered to RAFAEL DAVILA;

      d.   one black 2019 Dodge Ram 1500 truck, bearing vehicle identification number 1C6SRFHT1KN874287, registered to Evilin Lopez; and

      e.   One Honda Civic race car belonging to JOSE TORRES

2.      If any of the property described in Paragraph 1 above as being forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

       a.  cannot be located upon the exercise of due diligence;

       b.  has been transferred or sold to, or deposited with a third party;

       c.  has been placed beyond the jurisdiction of this Court;

       d.  has been substantially diminished in value; or

       e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), which incorporates Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of such property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1.     Upon conviction of the offense in violation of Title 18, United States Code, Section

1956(h), set forth in Count Seven, the defendants,

1. RAFAEL DAVILA,
a/k/a "Robbin Hood"

2. JOSE TORRES,
a/k/a "Goldy," a/k/a "Goldy Tech,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any

property, real or personal, involved in such offense, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

a. one Maroon Acura MDX, unknown year and unknown vehicle identification
number, used by RAFAEL DAVILA;

b. one black Dodge Challenger, unknown year and unknown vehicle
identification number, used by RAFAEL DAVILA; and

c. one 2015 Chevrolet Suburban, bearing vehicle identification number
1GNSKJKC2FR674310, registered to RAFAEL DAVILA.

2.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant

to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the

defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without
difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## BANK THEFT FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.      Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371 and 2113, set forth in Counts Ten and Eleven, the defendants,

1.  RAFAEL DAVILA,
a/k/a "Robbin Hood"

6.  SANTO FELIBERTY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1.    Upon conviction of the offense in violation of Title 21, United States Code, Section 841, set forth in Count Twelve, the defendant,

3.   NICOLAS DAVILA,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1), set forth in Count Thirteen, the defendant,

6.   SANTO FELIBERTY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.   The property to be forfeited includes, but is not limited to, the following:

a.   Springfield, XD-9, 9mm firearm, bearing serial number BY298910;

b.   256 rounds of 9mm ammunition;

c.   104 rounds of .45 caliber ammunition;

d.   500 rounds of .22 caliber ammunition;

e.   20 rounds of .44 caliber ammunition; and

f.   51 rounds of .38 caliber ammunition.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

FOREPERSON

PHILIP A. MALLARD
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: MAY 3 , 2023
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

36